UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 107.142.109.91,<br><br>    Defendant. | No. C 24-03858 WHA<br><br>**ORDER GRANTING EX PARTE MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE** |

    Plaintiff, Strike 3 Holdings, LLC, alleges that it owns registered copyrights in various pornographic films and that John Doe defendant directly infringed those copyrights by distributing the films on the Internet, using the above-captioned IP address. Strike 3 now seeks leave to serve a subpoena on third-party AT&T Internet Inc. to learn the identity of the subscriber using that IP address prior to a Rule 26(f) conference (Dkt. No. 7). Because Strike 3 Holdings demonstrates good cause to allow it to serve a subpoena, the motion is granted.

    Rule 26(d) permits a court to authorize early discovery for the convenience of parties and the interests of justice. One circumstance that may merit early, *ex parte* discovery is "[w]here the identity of alleged defendant[] will not be known prior to the filing of a complaint." *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). To ensure good cause exists, courts in our district examine the *seescandy.com* factors:

> whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant;

(3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process.

*Strike 3 Holdings, LLC v. Doe*, No. 17-CV-07051-LB, 2018 WL 357287, at *2 (N.D. Cal. Jan. 10, 2018) (Judge Laurel Beeler) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 575 (N.D. Cal. 1999) (Judge D. Lowell Jensen)).  Here, Strike 3 authored works that Doe copied and distributed without consent using BitTorrent, a file-sharing service (Compl. ¶¶ 18–53; *see also* Br. 5, 10–11).  Strike 3 then used industry-standard tools to identify an IP address "traced to a physical address located within this District" (Compl. ¶ 8; *see also* Br. 8–9, 11).  And, if subpoenaed, AT&T Internet will provide that name and physical address (Br.1).  *See* 47 U.S.C. § 551(c)(2)(B).  Thus, Strike 3 succeeds in its showing:  It appears to state a claim upon which relief can be granted — and, to the extent it has not, a subpoena to AT&T Internet will allow Doe to argue otherwise.

Strike 3's motion is hereby **GRANTED**.  This is without prejudice to any motions to quash or modify the subpoena that may be filed by any interested party, including AT&T Internet or the subscriber assigned to the IP address.  Strike 3 may thus serve AT&T Internet with a Rule 45 subpoena, subject to the following additional limitations:

1. The subpoena shall request only the actual name and address of the subscriber to whom AT&T Internet assigned the above-captioned IP address.

2. The subpoena shall seek only the name and address of the subscriber for the time frame from **FOURTEEN DAYS BEFORE** the date of the first alleged infringing act to **FOURTEEN DAYS AFTER** the date of the last alleged infringing act.

3. Strike 3 shall attach a copy of this order to the subpoena.

4. Strike 3 may not use any information disclosed by AT&T Internet for any purpose other than protecting its rights as set forth in the complaint.

5. AT&T Internet shall, in turn, serve a copy of the subpoena and a copy of this order on the subscriber within **TWENTY-FOUR DAYS** of the date of service on AT&T Internet.

6. The return date on the subpoena shall be no less than **FORTY-FIVE DAYS** from the date of service on AT&T Internet.  AT&T Internet shall not disclose any identifying information about defendant to Strike 3 prior to the return date or prior to the resolution of any motions to quash or modify the subpoena.

7. AT&T Internet must preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

8. Strike 3 shall not disclose defendant's name, address, telephone number, email, social media username, or any other identifying information, other than defendant's IP address, that it may subsequently learn. All documents including defendant's identifying information, apart from his or her IP address, shall be filed under seal, with all such information redacted on the public docket, unless and until the Court orders otherwise and only after defendant has had an opportunity to challenge the disclosure of any identifying information. Strike 3 explicitly consented to the inclusion of such a protection in its motion and proposed order.

9. In its proposed order (but not in its motion) Strike 3 also sought leave to serve subpoenas on "on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants [sic]." Strike 3 in this matter must seek leave to serve subpoenas on any other service provider besides AT&T Internet and with respect to any other defendant or IP address.

Any motions relating to the subpoena or to the protective order discussed above shall be filed prior to the return date of the subpoena.

**IT IS SO ORDERED.**

Dated: August 7, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE